**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 20-08092MJ-001-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Bernardo Brito-Nunez, | |
| Defendant. | |

Defendant Bernardo Brito-Nunez is charged with illegal reentry pursuant to 18 U.S.C. § 1326(a).  He challenges the validity of the underlying removal order and moves to dismiss the charge.  (Doc. 9.)  The motion is fully briefed, and the Court heard oral argument on May 26, 2020.  The Court will deny Defendant's motion.

A defendant charged with illegal reentry under § 1326 has a due process right to collaterally attack the underlying removal order.  *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012).  To succeed, a defendant must show: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued 'improperly deprived [him] of the opportunity for judicial review' and (3) that 'the entry of the order was fundamentally unfair.'"  *Id.* (quoting *United States v. Ortiz-Lopez,* 385 F.3d 1202, 1203-04 (9th Cir. 2004)).  Expedited removal proceedings offer no administrative remedy or opportunity for judicial review.  Defendant therefore has satisfied the first two requirements by establishing

that his removal order arose from an expedited removal proceeding.  *See United States v. Raya-Vaca,* 771 F.3d 1195, 1202 (9th Cir. 2014).  The issue, then, is whether entry of the expedited removal order was fundamentally unfair.

To show that an underlying removal order was fundamentally unfair, a defendant "bears the burden of establishing both that the 'deportation proceedings violate[d] [his] due process rights' and that the violation caused prejudice." *Id.* at 1201-02 (quoting *United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994).  For example, the failure to inform the defendant of the charge against him and to provide him the opportunity to review the sworn statement violates due process.  *Id.* at 1204.  Here, Defendant claims that his due process rights were violated because he was not advised that he had the option of requesting to withdraw his application for admission in lieu of being formally removed,[1] and because his signature does not appear on the reverse side of the Form I-860.

To the first point, non-admitted aliens like Defendant "are entitled only to whatever process Congress provides." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011).  The right to be informed of the legal means of avoiding removal is not a procedural right available to aliens identified in either 8 U.S.C. § 1225(b)(1) or 8 C.F.R. § 235.3, the provisions governing expedited removal proceedings.  "As a result, the immigration officer's failure to inform [Defendant] of his ability to request withdrawal of his application for admission did not violate his due process rights." *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013).

To the second, notice and an opportunity to respond are the key components of due process, and in an expedited removal proceeding the Form I-860 is the only document that informs an alien of the reason for his or her inadmissibility.  The immigration officer is required to obtain the alien's signature on the reverse of the form, creating a record that the alien has been informed of the charges.  *See* § 235.3(b)(2)(i).  The signature is evidence

---

[1] The Department of Homeland Security expanded expedited removal proceedings to include certain aliens, such as Defendant.  Such aliens are deemed "applicants for admission" into the United States regardless of whether they seek to enter at a port of entry. When an alien is permitted to withdraw his application for admission, he may leave voluntarily without a removal order, avoiding formal immigration consequences.  *See* 8 C.F.R. § 1235.4

that the alien was given the requisite notice of the charges, and "a missing signature on that page undermines the assurance that he was notified of his due process rights at the time of his removal." *United States v. Mejia-Avila*, No. 2:14-CR-0177-WFN-1, 2016 WL 1423845, at *1 (E.D. Wa. Apr. 5, 2016). That is, the failure to obtain an alien's signature on a Form I-860 creates a presumption that the alien's due process rights have been violated. *United States v. Figueroa-Valenzuela*, No. 1:19-cr-00083-DCN, 2019 WL 6718081, at *4 (D. Idaho, Dec. 10, 2019); *United States v. Rojas-Fuerte,* No. 3:18-CR-347-SI, 2019 WL 1757523, at *5 (D. Or Apr. 19, 2019); *United States v. Ramirez-Diaz,* 359 F.Supp.3d 994, 999 (D. Or. 2019); *United States v. Arteaga-Gonzalez,* No. 12-CR-4704-L, 2013 WL 5462285, at *4 (S.D. Cal. Sept. 30, 2013). Accordingly, the absence of Defendant's signature on the reverse side of the Form I-860 is some indication that he was not given the required notice of the reason for his inadmissibility.

But that is not the end of the inquiry. The Court must consider all the available evidence to determine if Defendant was advised of the specific charge or charges against him in a language that he could understand. For his part, Defendant does not expressly deny receiving notice in a language he could understand. Instead, Defendant states in paragraph 5 of his affidavit that he "cannot remember whether that document (the March 20, 2010 Notice and Order of Expedited Removal) was read or explained to me in Spanish prior to my March 20, 2010 removal." (Doc. 9-1 at 17.) The immigration officer, Samuel Alvarez, cannot recall either, but states in his affidavit that, after reviewing the expedited removal forms, he knows he read the charges to Defendant and served the notice on him. Alvarez explains, "I know that I personally served the notice upon [Defendant] because I dated and signed the notice." (Doc. 11 at 27.) The Certificate of Service found within the Form I-860 and signed by Alvarez likewise states: "I personally served the original of this notice upon the above-named person on 3-20-10." (*Id.* at 29.)

On these facts, the immigration officer's failure to obtain Defendant's signature on the reverse side of the Form I-860 did not violate due process because the Government has overcome the presumption created by the absent signature. Although the events occurred

ten years ago, Alvarez's description of the process he followed tracks the file and his signatures contained on the forms.  Given Alvarez's affidavit and his signed Certificate of Service, along with the lack of contradicting evidence from Defendant, the Court finds that Defendant has not met his burden of proving that the expedited removal was fundamentally unfair.  Defendant's right to due process was not violated because, despite Alvarez's failure to obtain Defendant's signature on the Form I-860, Defendant was given the constitutionally required notice of charges.  The Court therefore need not examine the prejudice prong of the fundamental fairness test.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **DENIED**.

Dated this 26th day of May, 2020.

_____
Douglas L. Rayes
United States District Judge